IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA,
PITTSBURGH DIVISION

| | |
|---|---|
| ALEXANDRA R. TRUNZO and ANTHONY HLISTA, <br><br> Individually, and on behalf of other similarly situated former and current homeowners in Pennsylvania, <br><br> Plaintiffs, <br><br> v. <br><br> CITI MORTGAGE, a mortgage servicer, LBPS a mortgage servicer and PHELAN HALLINAN & SCHMIEG, LLP; a law firm and debt collector <br><br> Defendants. | CASE NO. _____ <br><br> JUDGE _____ |

**NOTICE OF REMOVAL**

Defendant Seterus, Inc., formerly known as IBM Lender Business Process Services, Inc. ("LBPS"), by and through its attorneys and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453, hereby removes this action from the Allegheny County Court of Common Pleas to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division.  As grounds for the removal, LBPS states as follows:

**I.    INTRODUCTION**

This case is removable under 28 U.S.C. § 1331 and 28 U.S.C. § 1441, which grant federal courts original jurisdiction over and allow for removal of civil actions arising under the Constitution, laws, or treaties of the United States.  Plaintiffs claim that Defendants LBPS and Phelan Hallinan & Schmieg, LLP ("Phelan") violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.  (*See supra* § II.)

Independently, this case is removable under 28 U.S.C. § 1441 and the Class Action Fairness Act of 2005, P.L. 109-2, as codified at 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453 ("CAFA"). CAFA grants federal courts original diversity jurisdiction over a class action when: (1) the putative class consists of at least 100 members, 28 U.S.C. § 1332(d)(5)(B); (2) the citizenship of at least one putative class member differs from that of at least one defendant, 28 U.S.C. § 1332(d)(2)(A); and (3) the aggregate classwide amount in controversy exceeds $5,000,000, exclusive of interest and costs, 28 U.S.C. § 1332(d)(2), (6). All CAFA requirements are satisfied in this case, and no exception to CAFA jurisdiction applies. (*See supra* § III.)

## II.     PROCEDURAL HISTORY

1.     Plaintiffs Alexandra Trunzo and Anthony Hlista (together "Plaintiffs"), on behalf of themselves and others similarly situated, initiated this proceeding by filing a Complaint (the "Complaint") on August 3, 2011, in the Allegheny County Court of Common Pleas, Pennsylvania Civil Division, which is within the judicial district and division of the United States District Court for the Western District of Pennsylvania, Pittsburgh Division.

2.     The Complaint includes a certificate of service stating that a copy of the Complaint was sent to LBPS by regular first class mail on August 3, 2011. No other method of service is included in the certificate of service, and LBPS has no indication of any other attempt at service of the Complaint. Accordingly, the Complaint has yet to be properly served on LBPS.

3.     Regardless of the timing or sufficiency of service, this Notice of Removal is filed within 30 days of receipt by LBPS, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action is based. Removal, therefore, is timely. *See* 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-56 (1999).

4.       Pursuant to 28 U.S.C § 1446(a), a true and correct copy of the entire state court docket, including the Complaint, is attached hereto as Exhibit A.  Exhibit A includes all process, pleadings, and orders served upon or sent to LBPS in this action.

5.       In the Complaint, Plaintiffs claim that Defendants Citi Mortgage, Inc. ("Citi") and LBPS breached contracts (Count I) and were unjustly enriched (Count II).  Plaintiffs also allege that some or all of the Defendants violated the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (Count III); the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4(a) (Count IV, V); the Pennsylvania Loan Interest And Protection Act, 41 P.S. § 101 *et seq*. (Count VI); and the Pennsylvania Unfair Trade Practices And Consumer Protection Law, 73 P.S. § 201-9.2 (Count VII).[1]

### III.   BASES FOR REMOVAL

**A.     Federal Question Jurisdiction.**

6.       Count III of Plaintiffs' Complaint alleges that Defendants Phelan and LBPS "[v]iolated the [f]ederal Fair Debt Collection Practices Act."  (*See* Ex. A, Complaint ¶¶ 54-58.)

7.       This count, on its face and in substance, arises under the federal Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, a law of the United States.

8.       Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and this action is removable under 28 U.S.C. § 1441.

9.       Moreover, this Court has supplemental jurisdiction over Plaintiffs' remaining claims under 28 U.S.C. § 1367, because these claims form part of the same case or controversy, under Article III of the United States Constitution, as Plaintiffs' FDCPA claim.  *See id*.  In fact, all of Plaintiffs' claims concern the same transaction and the same alleged fees and conduct by

---

[1] The face of Plaintiffs' Complaint shows that based on Plaintiffs' allegations, this case is removable. Defendants do not concede or admit that any allegation in the Complaint is true, and nothing in this Notice of Removal should be construed as an admission as to any allegation in the Complaint.

Defendants as set forth in the Complaint's common factual background section. (*See* Ex. A, Complaint ¶¶ 8-25.) Moreover, the FDCPA claim serves as a basis for Count IV, one of Plaintiffs' claims under the Pennsylvania Fair Credit Extension Uniformity Act. (*See id*. ¶ 62.) Accordingly, this Court should exercise supplemental jurisdiction over all of Plaintiffs' state-law claims. *See Borough of W. Mifflin v. Lancaster*, 45 F.3d 780 (3d Cir. 1995).

      **B.**      **Diversity Jurisdiction under CAFA.**

    10.    As an independent basis for removal, this Court has original diversity jurisdiction over this action pursuant to CAFA because: (1) the putative class action consists of at least 100 putative class members, 28 U.S.C. § 1332(d)(5)(B); (2) the citizenship of at least one putative class member is different from that of at least one of the Defendants, 28 U.S.C. § 1332(d)(2)(A); and (3) the aggregate classwide amount in controversy exceeds $5,000,000, exclusive of interest and costs, 28 U.S.C. § 1332(d)(2), (6).

          **i.**      **The Putative Class Consists Of At Least 100 Putative Members.**

    11.    Plaintiffs seek to certify a class consisting of "all former or current homeowners who obtained financing secured by a first mortgage on property located within the Commonwealth of Pennsylvania (sometimes referred to as 'Homeowners'), wherein collection demands on said mortgage loans were made by Defendant Phelan. The class includes, but is not limited to, Homeowners who's [sic] Note and Mortgage was serviced by Citi or LBPS. The class excludes Homeowners wherein no payments, or demands for payments, have been made in the past six years." (Ex. A, Complaint ¶ 27.)

    12.    Plaintiffs allege that "[t]he class is so numerous that it is impracticable to bring all Homeowners before the court." (Ex. A, Complaint ¶ 28.) Plaintiffs allege that "[t]he exact number of Homeowners is unknown, but is believed to include well over 10,000." (*Id*.)

13.     Therefore, as alleged in the Complaint, the number of putative class members exceeds 100.  28 U.S.C. § 1332(d)(5)(B).

### ii.     Diversity Of Citizenship Is Satisfied.

14.     Plaintiffs Trunzo and Hlista "are married individuals residing at 2925 Idaho Ave., Bethel Park, Pennsylvania."  (Ex. A, Complaint ¶ 2.)  Therefore, Plaintiffs Trunzo and Hlista are citizens of Pennsylvania.

15.     Plaintiffs' putative class is defined in part as homeowners "who obtained financing secured by a first mortgage on property located within the Commonwealth of Pennsylvania."  (Ex. A, Complaint ¶ 27.)  Therefore, most of the putative class members likely are citizens of Pennsylvania.

16.     The Complaint alleges that Defendant Citi is "a New York corporation with its principal place of business in New York."  (Ex. A, Complaint ¶ 4).[2]  Defendant LBPS is "a Delaware corporation, with its principal place of business in Oregon."  (Ex. A, Complaint ¶ 5.)  Therefore, for purposes of diversity jurisdiction, neither Citi nor LBPS is a citizen of Pennsylvania.  *See Hertz Corp. v. Friend*, __ U.S. __, 130 S.Ct. 1181, 1186 (2010).

17.     CAFA's minimum diversity requirement is satisfied here because at least one putative class member and at least one Defendant are citizens of different states.  28 U.S.C. § 1332(d)(2)(A).

### iii.     The Aggregate Class Amount In Controversy Exceeds $5,000,000.

18.     Plaintiffs' allegations, requests for relief, and putative class definitions place the amount in controversy in this case above CAFA's $5,000,000 aggregate threshold.  28 U.S.C. § 1332(d)(2), (6).

---

[2] Upon information and belief, Defendant Citi's principal place of business is in Missouri.  In either event, for purposes of diversity jurisdiction, Citi would not be a citizen of Pennsylvania.

19. As the class allegations make clear, Plaintiffs allege that their putative class includes at least 10,000 people. (*See supra* at ¶ 11; Ex. A, Complaint at ¶ 28.) Accordingly, as long as each putative class member seeks an average of at least $500 in damages, CAFA's aggregate amount-in-controversy threshold is met, regardless of attorney fees or other relief sought.

20. Plaintiffs Trunzo and Hlista allege that they were improperly charged at least $1,053.50 for "'Foreclosure costs' and 'Legal/Attorney'" costs in violation of state and federal law. (*See* Ex. A, Complaint ¶¶ 19, 22, 24.) They also allege that they were improperly assessed late charges of $47.68 in violation of state and federal law. (*See id*. ¶ 25.) Accordingly, Plaintiffs Trunzo and Hlista allege that they have suffered actual damages of at least $1,101.18.

21. Plaintiffs Trunzo and Hlista allege that their claims are "identical or at least typical to the [putative] class claims." (Ex. A, Complaint ¶ 33.)

22. Multiplying these alleged damages of $1,101.18 times 10,000—the minimum number of people Plaintiffs allege to be included in their putative class definition—yields estimated alleged aggregate classwide damages of at least $11,011,800.

23. Plaintiffs allege that these "unauthorized acceleration-related foreclosures fees and costs" violate, among other laws, Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-9.2. (Count VII, Ex. A, Complaint ¶¶ 79-83.) That statute, to say nothing of Plaintiffs' remaining six claims, allows for actual damages as well as, in the court's discretion, an award of up to three times actual damages plus costs and reasonable attorney fees. 73 P.S. § 201-9.2(a). The Pennsylvania Unfair Trade Practices and Consumer Protection Law also provides for a six-year statute of limitations, *id*., covering Plaintiffs' entire putative class period. (*See* Ex. A, Complaint ¶ 27.) Accordingly, under Count VII alone, based on Plaintiffs'

own alleged damages for their allegedly typical claims and Plaintiffs' own alleged minimum putative class size, Plaintiffs seek aggregate putative classwide damages of at least $33 million, not including costs and attorneys fees.

24. Accordingly, Plaintiffs' alleged aggregate classwide damages exceed CAFA's $5,000,000 amount-in-controversy threshold. 28 U.S.C. § 1332(d)(2), (6).

**C. The Procedural Requirements Are Satisfied.**

25. This lawsuit is a civil action within the meaning of the acts of Congress relating to removal of cases.

26. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing of Notice of Removal, along with a copy of this Notice of Removal, is being filed with the Allegheny County Court of Common Pleas, a copy of which is attached hereto as Exhibit B.

27. This Notice of Removal is filed by Defendant LBPS. The remaining Defendants, Citi and Phelan, by and through their counsel, have indicated their consent to removal. Defendants Citi and Phelan will file separate notices of their consent to removal.

28. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on or sent to LBPS are attached hereto as Exhibit A.

29. The prerequisites for removal under 28 U.S.C. §§ 1441, 1446, and 1453 have been met. If any questions arise as to the propriety of the removal of this action, LBPS requests the opportunity to present a brief, oral argument, and any further evidence necessary in support of its position that this case is removable.

30. LBPS expressly reserves all rights to challenge the Complaint, or any later amended complaints, on jurisdictional and other grounds.

Dated:  September 1, 2011                               Respectfully submitted,

*s/Kevin C. Meacham*
Kevin C. Meacham (PA 208125)
  kcmeacham@jonesday.com
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA  15219-2514
Telephone:  (412) 391-3939
Facsimile:   (412) 394-7959

Of Counsel:

Matthew A. Kairis* (OH 0055502)
  makairis@jonesday.com
Elizabeth P. Kessler* (OH 0061730)
  epkessler@jonesday.com
JONES DAY
325 John H. McConnell Blvd., Suite 600
P.O. Box 165017
Columbus, OH  43216-5017
Telephone:  (614) 469-3939
Facsimile:   (614) 461-4198

* *Pro Hac Vice* application to be filed

*Attorneys for Defendant Seterus, Inc. (fka IBM Lender Business Process Services, Inc.)*

**CERTIFICATE OF SERVICE**

I certify that on September 1, 2011, a copy of the foregoing **Notice of Removal**, along with all exhibits, was served by first class mail, postage prepaid, upon:

| | |
|---|---|
| Michael P. Malakoff (#11048)<br>  malakoff@malakoffbrady.com<br>MALAKOFF & BRADY P.C.<br>Suite 200, The Frick Building<br>Pittsburgh, PA  15219<br>Telephone:  (412) 281-4217<br>Facsimile:  (412) 281-3262<br><br>*Attorney for Plaintiffs* | Daniel S. Bernheim<br>  dbernheim@wilentz.com<br>WILENTZ GOLDMAN & SPITZER, PA<br>2 Penn Center Plaza, Suite 910<br>Philadelphia, PA 19102<br>Telephone:  (215) 636-4468<br>Facsimile:  (215) 636-3999<br><br>*Attorney for Defendant Phelan Hallinan & Schmieg, LLP* |
| Lucia Nale<br>  lnale@mayerbrown.com<br>Debra Bogo-Ernst<br>  dernst@mayerbrown.com<br>MAYER BROWN LLP<br>71 S. Wacker Drive<br>Chicago, IL  60606<br>Telephone:  (312) 782-0600<br>Facsimile:  (312) 701-7711<br><br>*Attorneys for Defendant Citi Mortgage, Inc.* | Thomas R. Johnson (#11428)<br>  tom.johnson@klgates.com<br>K & L Gates LLP<br>K & L Gates Center<br>210 Sixth Avenue<br>Pittsburgh, PA  15222-2613<br>Telephone:  (412) 355-6488<br><br>*Attorney for Defendant Citi Mortgage, Inc.* |

*s/Kevin C. Meacham*
*One of the Attorneys for Seterus, Inc. (fka IBM Lender Business Process Services, Inc.)*